

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-82,028-01

### EX PARTE JONATHAN BARNES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 2003-110A IN THE 274th DISTRICT COURT FROM CALDWELL COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts aggravated sexual assault of a child and sentenced to ninety-nine years' imprisonment on each count.[1] The Third Court of Appeals affirmed his conviction. *Barnes v. State*, No. 03-04-00059-CR (Tex. App.—Austin, delivered April 7, 2005, no pet.).

Applicant contends, *inter alia*, that his appellate counsel rendered ineffective assistance

---

[1] Applicant was originally convicted on three counts. However, one of the three counts was set aside by the 3rd Court of Appeals because it violated double jeopardy.

because he failed to raise two preserved grounds of error on direct appeal. The Applicant also alleges that appellate counsel deprived him of his right to file a *pro se* petition for discretionary review when he falsely promised him he would file a petition on his behalf.

Applicant has alleged facts that, if true, might entitle him to relief. *Smith v. Robbins*, 528 U.S. 259, 285-86 (2000); *Strickland v. Washington*, 466 U.S. 668 (1984). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order appellate counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's appellate counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall

be obtained from this Court.

Filed: September 17, 2014
Do not publish